# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KATHLEEN I. IRWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:07-CV-00187 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kathleen I. Irwin's Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, filed on July 24, 2008. (Docket # 23.) Defendant Commissioner of Social Security filed a response on August 11, 2008 (Docket # 26), and Irwin replied on August 26, 2008 (Docket # 27).

On May 21, 2008, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case to the Social Security Administration for further proceedings. (Docket # 21.) Irwin is now seeking $3,481.95 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, the Commissioner does not object to an award of fees to Irwin in the amount

requested; rather, the Commissioner objects solely to the request that the fees be paid directly to Irwin's attorney, Joseph Shull, rather than Irwin as the "prevailing party," absent evidence that the EAJA fees have been assigned to him. (Def.'s Resp. to Pl.'s Mot. of Award of Att'y Fees Pursuant to the EAJA ("Resp. Br.") 2); *see Reeves v. Astrue*, 526 F.3d 732, 735 (11th Cir. 2008), *petition for cert. filed*, (U.S. Aug. 1, 2008) (No. 08-5605) (holding that the EAJA directs payment of attorney fees to the party and not the party's counsel); *accord Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007), *petition for cert. filed*, 76 USLW 3637 (U.S. May 22, 2008) (No. 07-1468); *see also Thomas v. Shalala*, No. 91 C 5488, 1993 WL 112534, at *5 (N.D. Ill. Apr. 8, 1993) (recognizing "that an award of attorney's fees to a 'prevailing party' belongs to the party entitled to such an award and not to his attorney").

In reply, Irwin filed an executed Assignment, assigning to Shull all her rights to any EAJA fees. (Pl.'s Reply Br. on EAJA Fees, Ex. 1.). "While the fee award . . . belongs to [the claimant], it is common to make the award directly to the lawyer where the lawyer's contractual entitlement is uncontested or where it is clear that the attorney was acting for his client." *Thomas*, 1993 WL 112534, at *5; *see also Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990). Here, it is clear that Irwin does not contest Shull's contractual entitlement to the EAJA fees.

Accordingly, Irwin's request for attorney fees payable to Shull will be granted.

## **CONCLUSION**

For the foregoing reasons, Irwin's motion for award of attorney's fees under the EAJA (Docket # 23) is GRANTED in the amount of $3,481.95.

Enter for August 29, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge